CHOUTEAU, ADM'R OF LACROIX, *v.* CONSOUE, GUARDIAN OF INFANT HEIRS OF LACROIX.

This Court will not re-examine the evidence and correct errors in point of fact, but will only notice the errors in law, as appear upon the record, in cases of the settlement of estates.

JONES, J., dissenting.

## APPEAL.

*Per Curiam.* This case comes here on an appeal from a judgment of the Circuit Court of St. Charles county, confirming a judgment of the County Court of said county, on a final settlement of the estate of Saint Paul Lacroix, with the administrator. The Circuit Court went into a trial *de novo,* of the subject matter in dispute, and, after hearing the evidence, affirmed the judgment of the Court below. The evidence before the Circuit Court is saved in the bill of exceptions; and the error complained of is, that the Circuit Court decided wrong upon that testimony. The first question to be decided is, what errors this Court will attempt to correct in cases of this kind. We are clearly of opinion, that this Court have nothing to do with a re-examination of the facts of the case. It will merely correct such errors in law as shall appear from the record to have intervened in the Circuit Court. It by no means follows that, because the Circuit Court may re-examine the facts, on an appeal from the County Court, that this Court, on a further appeal of the cause, ought to do the same thing. Two trials on the facts ought to be enough in ordinary cases.

(351) Let us see, then if any error in law appears to have been committed in the Circuit Court. The decision of the County Court, complained of, was, in rejecting an item of $1650, claimed by Chouteau, for 1100 arpents of land, sold by him to St. Paul La Croix, in his life-time, say in 1811 or '12, without deed. Witnesses were offered to prove the sale, in the Circuit Court, and were objected to by the appellee, but were heard by the Court, reserving the objection for consideration, till the final decision of the cause. On the final decision, the Court seems to waive the decision as to the competency of the testimony, and goes on to infer from the evidence, that the demand had been paid, or some way settled. The Judge seems to have taken the ground, that, concluding the evidence to have been proper, and the demand a legal one, still, there was evidence before him, sufficient to justify him, sitting as a jury, to exclude the demand. If he decided wrong on the testimony, it was an error in point of fact, and not of law; and no writ of error lies to correct it: 5 *Cranch,* 190, *Livingston, J.*

The judgment of the Circuit Court must be affirmed, with costs.

JONES, J.

I do not concur in the above opinion, for the following reasons: First, I conceive it to be the duty of this Court, to examine into and decide on the correctness of the final decision of a Circuit Court, in all matters of contested accounts, of executors,

Chouteau *v.* Consoue.

administrators, &c., brought by way of appeal from the Circuit to the Supreme Court. I look upon the proceedings, according to our laws, to be analagous to proceedings in Chancery, where, on an appeal, complete justice is done the parties, according to the *allegata* and *probata.*

Second. I believe this Court ought to go into an investigation of the reasons given by the Judge for forming his opinion; and if those reasons were thought to be wrong, to reverse the judgment. Difficulties have occurred in drawing the line of distinction between what the Judge decides in his judicial capacity, and in that of a jury. I believe the uniform decisions of this Court have been, to look upon the rea- (352) sons given by the Judge, in delivering his opinion, as instructions to the jury; which, if excepted to, and duly brought before this Court, and it thought these reasons or instructions were wrong, the judgment was reversed; which, I think, ought to be done in this case.